UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DAVID GRAYS,  )
 )
    Petitioner,  )
 )
    v.  )   No. 4:07CV955 HEA
 )
DWAYNE KEMPKER,  )
 )
    Respondent.  )

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner David Grays' application for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2554. Having reviewed the petition, the Court will order petitioner to show cause as to why the Court should not dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d)(1).

### The Petition

Petitioner, an inmate at the Algoa Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. Petitioner challenges his November 29, 1990 conviction for drug-related offenses imposed by the Circuit Court of St. Louis

County, Missouri. The Missouri Court of Appeals affirmed the judgment on June 22, 1993. Thereafter, on September 6, 2006, petitioner states that he filed a motion to recall the mandate, which was denied on March 19, 2007. In the instant action, petitioner asserts two claims of ineffective assistance of counsel.

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it is time-barred under 28 U.S.C. § 2244(d)(1)[1] and is subject to summary dismissal. As previously noted, the Missouri Court of Appeals affirmed the judgment of conviction on June 22, 1993. Even affording petitioner the benefit of the one-year grace period under the Antiterrorism and Effective Death Penalty Act, he would be time-barred from litigating the instant petition, because it was filed with this Court well after April 24, 1997. See Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999) (one-year grace period ends April 24, 1997). Moreover, petitioner's 2006 filing of the motion to recall the mandate cannot resurrect an otherwise procedurally defaulted claim. Cf. Anderson v. White, 32

---

[1] Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

2

F.3d 320, 321 n.2 (8th Cir. 1994). Petitioner does not claim that the limitations period should be equitably tolled to allow him to file the instant petition.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action as time-barred.

Dated this 7th day of June, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE